# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5037 | **DATE** | 7/16/2012 |
| **CASE TITLE** | Shalawn Wright (B-79727) vs. Godinez, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Stateville Correctional Center officials to deduct $16.98 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. The Clerk shall also: (1) issue summonses as to the Defendants, (2) attach a Magistrate Judge Consent Form to the summonses for Defendants, and (3) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■[For further details see text below.]   Docketing to mail notices.

# STATEMENT

     Plaintiff, Shalawn Wright, currently an inmate at Stateville Correctional Center, has filed a civil rights complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000, § 3, 42 U.S.C. § 2000cc-1(a).

     Plaintiff's *in forma pauperis* application indicates that he cannot prepay the $350 filing fee. The Court grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $16.98. The Court authorizes the supervisor of inmate trust accounts at Plaintiff's place of confinement to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement, currently Dixon Correctional Center, is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and Dixon trust account officers shall notify transferee authorities of any outstanding balance owed pursuant to this order in the event that Plaintiff is transferred to another facility.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

     Plaintiff alleges that he while incarcerated at Pontiac Correctional Center, he requested a prayer cap, prayer rug, and religious oil to enable him to practice his religion in compliance with his religious tenants. When the items arrived at the prison, the cap and rug were confiscated because they were "too big" and the oils were confiscated because they were in glass bottles (which are not allowed). Plaintiff filed a grievance regarding the confiscated items that was eventually sent to Religious Practice Advisory Board on December 9, 2011. Since that time, Plaintiff was moved to Stateville Correctional Center where he was also denied these religious items in light of the pending grievance before the Religious Advisory Board. Plaintiff has written a request to the Religious Advisory Board regarding the issue to no avail Plaintiff alleges that he is unable to practice his religion consistent with his religious tenants without the items. Plaintiff seeks both monetary damages and injunctive relief. Plaintiff names Salvador

Godinez, the Director of the Illinois Department of Corrections, and four individuals from Pontiac that were allegedly involved in the confiscation of Plaintiff's religious items. Accepting Plaintiff's allegations as true, as the Court must at this stage of the proceedings, Plaintiff has sufficiently pled that the named Defendants have substantially burdened his ability to practice his religion. *See, e.g., Tarpley v. Allen County, Indiana*, 312 F.3d 895, 898 (7th Cir. 2002) (correctional administrators must permit inmates a reasonable opportunity to exercise their religious beliefs); 42 U.S.C. § 2000cc (prohibiting the substantial burden on free exercise of religion unless it furthers a compelling government interest and is the least restrictive means of furthering that compelling interest). The Defendants must therefore respond to the complaint.

      The United States Marshals Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Illinois Department of Corrections employee or contractor who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

      Plaintiff also seeks the appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v.* Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

      After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case at this time. Plaintiff has articulated a colorable claim and has adequately investigated the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claim are so complex or intricate that a trained attorney is necessary.

      As Plaintiff appears capable of presenting his case, the Court declines to appoint counsel for Plaintiff at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.