# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5037 | **DATE** | 10/26/2012 |
| **CASE TITLE** | Shalawn Wright (B-79727) vs. Godinez, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to transfer venue [14] is granted. Plaintiff's "motion for joinder and stay of venue and to dismiss Defendants' motion for change of venue" [28] is denied. This action is transferred forthwith to the United States District Court for the Central District of Illinois at Springfield. The case is terminated on this Court's docket.

■[For further details see text below.]      Docketing to mail notices.

## STATEMENT

    Plaintiff, Shalawn Wright, currently an inmate at Stateville Correctional Center, has filed a civil rights complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000, § 3, 42 U.S.C. § 2000cc-1(a). Defendants have been served and have a filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Plaintiff filed a response to Defendants' motion, both as a "motion" and memorandum, in which he argues that his case should not be transferred or dismissed because of misjoined parties. Defendants do not make any arguments regarding misjoined Defendants. Plaintiff's response does not address the relevant factors (addressed below) in determining if transfer is appropriate.

    A reading of the complaint supports the following summary of the allegations and facts necessary to determine venue.

    Plaintiff alleges that while incarcerated at Pontiac Correctional Center, he requested a prayer cap, prayer rug, and religious oils to enable him to practice his religion in compliance with his religious tenants. When the items arrived at the prison, the cap and rug were confiscated because they were "too big" and the oils were confiscated because they were in glass bottles (which are not allowed). Plaintiff filed a grievance regarding the confiscated items that was eventually sent to the Religious Advisory Board on December 9, 2011. Since that time, Plaintiff was moved to Stateville Correctional Center where he was also denied these items in light of the pending grievance before the Religious Advisory Board. Plaintiff has written a request to the Religious Advisory Board regarding the issue to no avail. Plaintiff alleges that he is unable to practice his religion consistent with his religious tenants without the items. Plaintiff seeks both monetary and injunctive relief. Plaintiff names Salvador Godinez, the Director of the Illinois Department of Corrections, and three individuals from Pontiac, that were allegedly involved in the confiscation of Plaintiff's religious items.

    Defendants move for the transfer of this action to the United States District Court, Central Division pursuant to 28 U.S.C. § 1404(a).

    A district court may transfer a civil action to any district or division where the case may have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). A transfer is proper if: (1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is

**STATEMENT**

in the interest of justice. *See Research Automation, Inc. v. Schrader-Bridgeport International, Inc.*, 626 F.3d 973, 977-78 (7th Cir. 2010); *Law Bulletin Publishing Co. v. LRP Publications, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998). District courts have broad discretion in the interpretation and weighing of these factors and the statute "permits a 'flexible and individualized analysis.'" *Research Auto.*, 626 F.3d at 978, quoting *Stewart Organization, Inc. V. Rioch Corp.*, 487 U.S. 22, 29 (1988).

In the case at bar, venue and jurisdiction are proper in either division. Therefore, the relevant factors are the convenience of the parties or witnesses and the interests of justice.

In evaluating the convenience of the parties and of the witnesses, the court considers five factors: (1) the plaintiff's initial forum choice, (2) the convenience of the witnesses, (3) the relative ease of access to other evidence, (4) the situs of material events, and (5) the relative convenience of the parties in litigating in the respective forums. *Research Auto.*, 626 F.3d at 978-79; *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001); *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000).

In general, the plaintiff's choice of forum is entitled to substantial weight, particularly where it is the plaintiff's home forum. *Plotkin*, 168 F. Supp. 2d at 902; *Vandeveld v. Cristoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). However, where the plaintiff's choice of forum has only "minimal value where none of the conduct occurred in the forum selected by the plaintiff." *Chicago, Rock Island, & Pac. R.R. Co. V. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955).

Here, Plaintiff filed the instant action in the Northern District of Illinois only after he was transferred from Pontiac, which is in the Central District of Illinois. Thus, Plaintiff's choice of forum appears to be based on where he happens to be incarcerated, which may change during litigation. Thus, this factor does not weigh heavily against a transfer.

As to the convenience of the witnesses and the convenience of the parties, the Defendants and witnesses from the initial confiscation of religious items are all in the Central Division. Defendant Godinez is also considered to reside in the Central Division as he performs his duties as an official in Springfield, Illinois. *See Johnson-Ester v. Schwarzenegger*, No. 09 C 5384, 2010 WL 1257787, at * 3, (N.D. Ill. March 25, 2010) (Dow, J.) (for purposes of venue, residence is where the official performs his duties). Defendants aver that litigating in the Central District of Illinois will be more convenient for them and, in light of Plaintiff's incarceration, litigation in either District appears of equal convenience to Plaintiff. The Court discerns no prejudice to Plaintiff whatsoever from the transfer requested by the Defendants.

Next, the relative ease of access to sources of proof weighs in favor of transfer as the sources of proof are at Pontiac and/or Springfield. As to the situs of the material events, the majority of the relevant events that gave rise to the action occurred in Pontiac, Illinois. While Plaintiff still has not been able to have his religious items at Stateville, Plaintiff's transfer is the only reason that fact exists. Also, as already noted, Plaintiff's location could change again if he is transferred.

The analysis of the interests of justice focuses on the efficient administration of the court system, as opposed to the private consideration of the litigants. *Research Auto.*, 626 F.3d at 978. This requires considering: (1) the relative congestion of the court dockets and likely speed to trial in each forum, (2) the relative familiarity of the courts with the applicable law, and (3) the relation of the respective forums with the issue in the case. *Research Auto.*, 626 F.3d at 978. Defendants point out that the Northern District is the largest and busiest Federal District Court in Illinois. Both courts have familiarity with the relevant law. Lastly, as the events occurred in Pontiac, that forum has an interest in the litigation resulting from an inmate in that forum's prison.

On balance, the above factors weigh in favor of transferring the cause of action to the Central District of Illinois. Accordingly, Defendants' motion to transfer venue is granted.